# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 3, 2022

Lyle W. Cayce
Clerk

No. 17-10826

Gregory Dean Banister,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, Director, Texas Department of Criminal Justice, Correctional Institutions Division,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas, Lubbock Division
USDC No. 5:14-cv-00049

Before Wiener, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

In May 2002, Petitioner Gregory Banister struck and killed a bicyclist while driving. The State of Texas indicted Banister on one count of aggravated assault with a deadly weapon, with the indictment alleging that he had fallen asleep at the wheel as a result of cocaine use. Banister was found

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 17-10826

guilty, and the trial court sentenced him to 30 years of imprisonment—an enhanced sentence based on a prior conviction of trafficking cocaine.

This appeal is from the federal district court's dismissal of Banister's 28 U.S.C. § 2254 habeas petition. On appeal, Banister raises three claims of ineffective assistance of trial counsel and one claim of ineffective assistance of appellate counsel. We affirm.

## I.

## A.

The Antiterrorism and Effective Death Penalty Act (AEDPA) significantly limits the scope of federal review of state criminal proceedings by requiring that certain strict conditions be met. 28 U.S.C. § 2254. Relevant here is the § 2254(d) requirement that the state court adjudication either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

"Section 2254(d) sets forth a 'highly deferential standard for evaluating state-court rulings . . . .'" *Miller v. Thaler*, 714 F.3d 897, 901 (5th Cir. 2013) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). This deferential standard "stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings" and requires the state prisoner to show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011).

**B.**

Ineffective assistance of counsel (IAC) claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984).

For trial counsel IAC claims, a petitioner must show "(1) that his trial counsel rendered deficient performance, and (2) that the deficient performance resulted in actual prejudice." *King v. Davis*, 883 F.3d 577, 586 (5th Cir. 2018) (citing *Strickland*, 466 U.S. at 687). The first prong "sets a high bar" and a lawyer has "discharged his constitutional responsibility so long as his decisions fall within the 'wide range of professionally competent assistance.'" *Buck v. Davis*, 137 S. Ct. 759, 775 (2017) (quoting *Strickland*, 466 U.S. at 690).

For appellate counsel IAC claims, the same *Strickland* standard governs: To demonstrate deficiency, a petitioner must show that appellate counsel "unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Halprin v. Davis,* 911 F.3d 247, 260 (5th Cir. 2018) (cleaned up). To demonstrate prejudice, a petitioner must establish "a reasonable probability" that, but for appellate counsel's deficiency, "he would have *prevailed on his appeal*." *Id*. (emphasis added) (cleaned up).

**II.**

**A.**

Banister claims that trial counsel was ineffective for not objecting to expert witness testimony about the "cocaine crash" phenomenon. "Cocaine crash" was at the crux of the government's case: It refers to severe exhaustion that follows and results from a cocaine high. Trial counsel did, in fact, object to the testimony several times, but Banister claims that trial counsel erred by not re-urging the objection at the end of the government's case-in-chief.

No. 17-10826

Banister relies on *Fuller v. State* for the proposition that trial counsel must renew objections to evidence that had been conditionally admitted in order to properly preserve the argument for appeal. 829 S.W.2d 191, 196–199 (Tex. Crim. App. 1992). This case, however, is distinguishable because the record shows that the expert witness testimony was conditionally *excluded*. The trial judge's condition was that the government lay a proper foundation and connect the cocaine crash theory to Banister. When the government met this condition, the trial judge admitted the testimony despite trial counsel's objections. Thus, trial counsel did not need to object again at the end of the government's case-in-chief to preserve the argument.

Additionally, the second prong of *Strickland* is not met: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Even without the expert testimony, there was direct evidence in the form of a blood sample and testimony that Banister took cocaine. Accident reconstruction evidence indicated that the crash resulted from erratic driving. Moreover, there were several witnesses who testified that Banister fell asleep at the wheel, and one witness said that Banister did not attempt any evasive action to avoid hitting the bicyclist, supporting the inference of a cocaine crash.

## B.

Banister claims that trial counsel was deficient for failing to investigate the weather conditions on the day of the crash. Banister's theory is that the strong winds pushed the bicyclist into his lane, causing the crash. This claim fails the first prong of *Strickland*.

After several witnesses testified that it was not windy on the day of the accident, Banister gave trial counsel a copy of a weather report from underground.com that indicated that the wind speed was 25.3 mph at the

4

No. 17-10826

time of the crash.  The trial judge, questioning the reliability of the website, refused to admit the report into evidence.  Banister argues that, had trial counsel investigated the wind conditions in advance, a more reliable source could have been found and admitted into evidence.

It is clear from the record that trial counsel was not deficient.  Trial counsel explained in her affidavit that her strategy was to cross-examine the state's witnesses on weather conditions in order to leave doubt in the jurors' minds, rather than to enter into evidence a weather report that would allow the state to counter and dispel such doubt.  Such a trial strategy has been recognized by the Supreme Court.  *See Harrington*, 562 U.S. at 109.

## C.

Banister argues that trial counsel was constitutionally inadequate for failing to object to jury instructions that referenced extraneous offenses.  Banister is unable to show prejudice under the second prong of *Strickland*.  *See Strickland,* 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.").

At trial, Banister's counsel obtained a favorable ruling to exclude any evidence of his prior conviction for drug trafficking.  Later, during the presentation of jury instructions, the trial court said the following:

> You are instructed that certain evidence was admitted before you in regard to the defendant's having been *charged and convicted* of offenses other than the one for which he is now on trial.  You are instructed that such evidence cannot be considered by you against the defendant as any evidence of guilt in this case.  Said evidence was admitted before you for the purpose of aiding you, if it does aid you, in passing upon the credibility of the defendant as a witness for himself in this case, and to aid you, if it does aid you, in deciding upon the weight

you will give to him as such witness, and you will not consider the same for any other purpose. (emphasis added)

This instruction should not have mentioned that Banister had been "charged and convicted" of other offenses. The extraneous language, though, does not result in prejudice. Banister relies on cases in which the jury learned of a defendant's actual conviction from improper admission of documentary evidence. *Cf. Lyons v. McCotter*, 770 F.2d 529 (5th Cir. 1985) (admission of previous conviction of aggravated robbery). But there are no cases where a court found counsel ineffective for failing to object to the mentioning of generic convictions.

Additionally, the instructions directed the jury *not to consider* other convictions in determining Banister's guilt in the case. "A jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000) (citation omitted). The instructions did say that the jury could use other convictions to the extent that it was necessary to determine Banister's credibility as a witness. And there may have been confusion given that the instructions mentioned Banister's testimony even though he did not testify. But that, too, was cured by specific jury instructions that clearly reinforced the defendant's right to remain silent.

Moreover, given the evidence of cocaine use and erratic driving, Banister cannot show that it is "'reasonably likely' the result would have been different" had trial counsel properly objected. *Harrington*, 562 U.S. at 111 (quoting *Strickland*, 466 U.S. at 696). Thus, he cannot credibly claim that the extraneous instruction "deprive[d] [him] of a fair trial." *Strickland,* 466 U.S. at 687. Banister's claim fails to show prejudice necessary to meet the second prong of *Strickland*.

**D.**

Banister raises one claim of ineffective assistance of appellate counsel. He claims appellate counsel was constitutionally ineffective by only attacking the admission of testimony and evidence, while failing to challenge either the legal or factual sufficiency of the evidence once admitted.

For purposes of testing legal and factual sufficiency, Texas courts must "consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citations omitted). Thus, there is a deferential standard in favor of upholding the verdict.

Banister is unable to show that, had appellate counsel briefed the sufficiency argument, the result of the appeal would have been different. A reasonable jury could look at the evidence of cocaine use, together with erratic driving caused by exhaustion, to reach a guilty verdict. While some testimony supported inferences contrary to the "cocaine crash" theory, Texas law requires courts to "presume that the factfinder resolved any conflicting inferences in favor of the verdict," and "defer to that resolution." *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018) (citations omitted).

\*\*\*

Banister's petition cannot overcome the dual hurdle of 28 U.S.C. § 2254(d) and *Strickland*. We affirm.